IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cr-00276-SRB-1 |
| DANIEL D. GREGG, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Before the Court is *pro se* Defendant Daniel D. Gregg's ("Defendant"): (1) Motion for Compassionate Release to Modify Petitioner's Sentence or Place Petitioner on Home Confinement (Doc. #66); (2) Motion to Amend and Supplement Motion for Compassionate Release (Doc. #69); (3) Motion to Bar Untimely Government Response and to Treat Defendant's Motion for Compassionate Release as Unopposed (Doc. #72); and (4) Motion to Bar the Government's Untimely Response, to Deem Defendant's Motions Unopposed, and to Expedite Ruling on Compassionate Release (Doc. #73.) As set forth below, Defendant's motions are DENIED. However, the Court notes that it considered the supplemental documents submitted by Defendant to resolve the pending motions.[1]

Defendant pled guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1), and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). On August 11, 2021, the Court sentenced Defendant to 70 months of imprisonment

---

[1] The Court will not grant Defendant's motion to amend and supplement (Doc. #69) because that document includes proposed orders that grant Defendant's motion for compassionate release. As stated throughout, the Court denies Defendant's request for a compassionate release.

on Count 1, and 60 months of imprisonment on Count 4, to run consecutively for a total of 130 months of imprisonment. Defendant is projected to be released from prison in December 2029.

In an Order dated November 5, 2024, the Court denied Defendant's first motion for a sentence reduction/compassionate release. (Doc. #60.) The Order found that an early release was not warranted based on Defendant's allegations of various medical ailments, including his hip pain and need for a hip replacement, that Defendant was not receiving adequate medical care, and that Defendant was of an advanced age. Defendant appealed that Order, and the Eighth Circuit Court of Appeals summarily affirmed on February 24, 2025. (Doc. #64.)

Defendant now again moves for a compassionate release, to modify his sentence, and/or for home confinement. Defendant raises several arguments in support, including arguments similar to those raised in his first motion for compassionate release. The Government filed an opposition brief which Defendant moves to strike as untimely filed. The Court denies Defendant's motions to strike because even if the Government's brief was not timely filed, any delay was minimal, and Defendant did not suffer any prejudice. The substantive issues raised by the parties are therefore addressed below.[2]

The following legal framework applies to Defendant's request for a compassionate release:

> [A] district court cannot grant a [18 U.S.C.] § 3582(c)(1)(A) reduction unless the defendant meets three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; (3) and the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022). Even if these conditions are met, a district court may not reduce a sentence under § 3582(c)(1)(A) if a limited-time furlough would adequately address the circumstances. *See* U.S.S.G. § 1B1.13, app. n.1. In general, a defendant

---

[2] Only those facts and issues necessary to resolve the pending motions are discussed below, and they are simplified to the extent possible. All page numbers refer to the pagination automatically generated by CM/ECF.

has the burden to show circumstances meeting the test for early release. *See United States v. Avalos Banderas*, 39 F4th 1059, 1062 (8th Cir. 2022).

(Doc. #71, p. 6.)[3]

Here, Defendant makes several arguments in support of showing extraordinary and compelling circumstances. Defendant argues he suffers from various medical conditions, including hypertension, hypothyroidism, enlarged prostate, atrial fibrillation, and gall bladder with perforations. (Doc. #66, pp. 10-20; Doc. #69, pp. 4-5, 10-16; Doc. #76, pp. 3-6.) Defendant states his "degenerative hip condition has progressed to the point that he is "now wheelchair bound" and cannot perform "basic daily tasks." (Doc. #76, p. 4.) Defendant contends that these and additional medical conditions "require[] long term specialized medical care that is not being provided by the Bureau of Prisons" ("BOP"). (Doc. #66, p. 20.) Defendant states in part that his medical conditions are progressive, that he struggles with mobility and "is unable to perform basic tasks such as walking and walking up stairs." (Doc. #66, pp. 20-21.) Defendant filed various medical records, primarily from 2021 through 2023, in support of his alleged medical conditions.[4]

Upon review of the record, the Court finds Defendant has not shown extraordinary and compelling circumstances. The Government attached Defendant's 2025 BOP medical records to its opposition brief. As explained by the Government, those documents show the following:

> On January 23, 2025, healthcare provider Rosemary Stiles had an encounter with the defendant and the record disposition indicates that Gregg was '[d]ischarged to Housing Unit-No Restrictions.' Reports from several healthcare providers note that the defendant may have in his possession a walker and a cane, but the defendant was cleared for food service. The defendant is restricted from climbing, ladders, prolonged standing and lifting

---

[3] The Government's opposition brief states "it is unclear if [Defendant] has exhausted his administrative remedies." (Doc. #71, p. 7.) The Court will assume, without deciding, that Defendant has satisfied the exhaustion requirement so his substantive arguments can be addressed.

[4] Defendant's reply brief attached a Medical Duty Status document dated December 11, 2025. (Doc. #76, p. 14.)

3

more than 15 pounds. On July 3, 2025, the defendant had a tooth extracted and he was 'Discharged to Housing Unit-No Restrictions.' Dr. Neal Jackson met with the defendant on June 24, 2025, and again the defendant was 'Discharged to Housing Unit-No Restrictions.' In 'Post-Injection Instruction' by Dr. Stacy Calloway Busby, the restrictions listed state: 'No restrictions. Weight bear is tolerated.'

(Doc. #71, pp. 8-9) (citing and quoting, in part, Doc. #71-1, pp. 62, 111-113, 130, 134, 142.)

Under these circumstances, the Court agrees with the Government that:

[D]efendant is suffering from ailments related to the aging process, [but] . . . [t]here is no evidence that he is unable to provide self-care or perform daily living activities. The [D]efendant has failed to sustain his burden to prove that he meets the requirements for compassionate release or a reduction of sentence. The [D]efendant does not have a terminal illness or suffer from any physical or mental condition that substantially diminishes his ability to provide self-care within the correctional facility. There are no extraordinary and compelling reasons, as those terms are defined for the purpose of 18 U.S.C. § 3582(c)(1)(A), justifying compassionate release in this case.

(Doc. #71, p. 8.)

The Court further agrees with the Government that:

The defendant also fails to establish how he will receive the healthcare he claims that he needs if he was released from incarceration. The defendant states . . . that he could receive care through Medicaid and/or Medicare. The defendant is only 62 years old. Accordingly, he is not eligible for Medicare. The defendant may or may not be eligible for Medicaid. Even if he is eligible for Medicaid, it is far from clear that he would receive better care under Medicaid than what he currently receives.

(Doc. #71, p. 9.) For these reasons, and the additional reasons stated by the Government, the Court finds that Defendant's medical conditions and/or treatment thereof do not constitute extraordinary and compelling circumstances.

Defendant also states that his age supports his request for an early request. Section 1.B1.13(b)(2) of the Sentencing Guidelines provide in part that:

Age of the Defendant.–The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of

4

> the aging process; and (C) has served at least 10 years or 75 percent of his or
> her term of imprisonment, whichever is less.

This section does not apply to Defendant because he is 62 years old and has not served 75% of his sentence. Consequently, Defendant's age and length of imprisonment do not constitute extraordinary and compelling circumstances.

Defendant also argues an early release is warranted because he has made rehabilitative efforts and has not incurred any prison violations while incarcerated. The Court commends Defendant for those efforts, but finds they do not constitute extraordinary and compelling circumstances whether considered in isolation or in combination with his other arguments. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.")

Finally, to the extent Defendant argues he received an usually long sentence that should be reduced, that argument is rejected. As explained in the Court's Order denying Defendant's first motion for a compassionate release:

> Defendant did not receive an unusually long sentence. To the contrary, the Court entered a downward variance and imposed a sentence that was well in excess of 60% below the applicable guidelines range. Under these circumstances, a further reduction is not warranted.

(Doc. #60, p. 4.) Defendant's remaining arguments do not support a finding of extraordinary and compelling circumstances. The Court further declines Defendant's request to contact his Warden and other individuals regarding his medical and other conditions.

For the foregoing reasons, and for the additional reasons stated by the Government, it is hereby ORDERED that Defendant's: (1) Motion for Compassionate Release to Modify Petitioner's Sentence or Place Petitioner on Home Confinement (Doc. #66); (2) Motion to Amend and Supplement Motion for Compassionate Release (Doc. #69); (3) Motion to Bar

Untimely Government Response and to Treat Defendant's Motion for Compassionate Release as Unopposed (Doc. #72); and (4) Motion to Bar the Government's Untimely Response, to Deem Defendant's Motions Unopposed, and to Expedite Ruling on Compassionate Release (Doc. #73) are DENIED.

The Clerk of Court is directed to mail a copy of this Order to Defendant at his last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2025